**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.  SA-12-CV-105-XR |
| DAVID D. GONZALEZ AND STATE | § | |
| TRUSTEE SERVICES, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Default Judgment. (Dock No. 12).  After due consideration of the relevant law, the Court GRANTS the motion.

**Background**

In its complaint, Plaintiff JPMC alleges that on April 6, 2010, a property located at 622 Bougainvilla Drive, Los Fresnos, Texas 78566 (the "Los Fresnos Property") was sold at the foreclosure of a lien established by a Deed of Trust – Tax Lien executed in favor of Gonzalez Financial Holdings, Inc.  According to the complaint, the Los Fresnos Property sold for $39,001 and as a result, excess proceeds in the amount of $36,349.97 are being held by the Trustee and are due and owing to JPMC.  On July 6, 2010, a property located at 4453 Amanda Lane, Laredo, Texas 78046 (the "Laredo Property") was sold at the foreclosure of a lien established by a Deed of Trust – Tax Lien executed in favor of Gonzalez Financial Holdings, Inc.  Plaintiff alleges that the Laredo Property sold for $35,000 and as a result, excess proceeds in the amount of $25,194.42 are being held by the Trustee and are due and owing to JPMC.

According to the complaint and attached exhibits, JPMC entered into a settlement agreement

with Defendants Gonzalez and State Trustee Services for the repayment of the excess proceeds.  The Settlement Agreement, attached as Exhibit A to Plaintiff's Complaint, states: "The trustee agrees to pay $61,544.39 (the "Excess Proceeds") to JPMC," and that "monthly payment will be $2652.06 and will be due on the first day of each month, beginning July 1, 2011."  Plaintiff alleges that Gonzalez and State Trustee Services did not make any payments pursuant to the agreement.  Plaintiff asserts that it sent a demand letter to Defendants on September 12, 2011, attached as Exhibit B to Plaintiff's Complaint, informing Defendants that "[t]he installments for the months of June, July, August, and September, each in the amount of $2,562.06, are past due."  Plaintiff initiated a lawsuit in this Court on February 2, 2012 alleging breach of contract.

## Procedural History

On February 2, 2012, JPMC filed a Complaint in this Court alleging a breach of contract claim against Defendants Gonzalez and State Trustee Services.  (Docket No. 1).  On March 27, 2012, Plaintiff filed with this Court proof of service with an affidavit indicating David Gonzalez was served by personal service on February 29, 2012.  (Docket No. 7).  On March 29, 2012, Plaintiff filed with this Court proof of service with an affidavit indicating that State Trustee Services was served by registered agent on March 12, 2012.  (Docket No. 8).  Defendants did not file an answer or otherwise respond to Plaintiff's complaint.  On June 7, 2012, Plaintiff moved for entry of default (docket no. 9), which was entered by the clerk of this Court (docket no. 10).  On July 17, 2012, Plaintiff filed a Motion for Default Judgment. (Docket No. 12).  To date, Defendants have not responded to Plaintiff's motion.

## Legal Standard

Pursuant to FED. R. CIV. P. 55(a), a default judgment is proper "[w]hen a party against whom

a judgment for affirmative relief is sought has failed to plead or otherwise defend."[1]  However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages.  The Court examines each in turn.

**Analysis**

**A. Jurisdiction**

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[2]  Federal courts have subject matter jurisdiction over any civil actions that involve a question of federal law, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[3]  For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[4]

In this case, the original action was brought in federal court by the Plaintiff pursuant to diversity jurisdiction.  Plaintiff states in its complaint that it is a citizen of Ohio, that Defendant Gonzalez is a citizen of the State of Texas, and that State Trustee Services is a limited liability company formed under the laws of the State of Texas with its principal place of business in Texas.  In addition, Plaintiff alleges that the amount in controversy exceeds $75,000 because the value of the breached contract is $63,649.44, and Plaintiff is also seeking attorney fees.  Thus, the Court

---

[1]  FED. R. CIV. P. 55(a).

[2]  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

[3]  28 U.S.C. §§ 1331, 1332.

[4]  28 U.S.C. § 1332(c)(1).

concludes that the parties are diverse, and that the amount in controversy claimed by Plaintiff exceeds $75,000.  As such, this Court has subject matter jurisdiction.

With regard to personal jurisdiction, a federal court "may assert jurisdiction if (1) the state's long-arm statute applies . . . and (2) if due process is satisfied."[5]  In Texas, the long-arm statute permits the exercise of jurisdiction over a nonresident to the full extent compatible with federal mandates of due process.[6]  Here, it is clear that this Court has personal jurisdiction over Defendants because both are residents of Texas.

Next the Court considers whether Plaintiff has stated a valid cause of action against Defendants.  When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability.[7]  While such allegations are presumed to be true, "a defendant's default does not in itself warrant the court in entering a default judgment. [Rather, t]here must be a sufficient basis in the pleadings for the judgment entered."[8]  In other words, the court must determine whether the well-pleaded facts state a claim upon which relief may be granted.[9]  In sum, "before entering a default judgment for damages, the district court must ensure that

---

[5] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)).

[6] *Id.* (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

[7] *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[8] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[9] "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206 (citing *Ohio Central R.R. Co. v. Central Trust Co. of NY*, 114 U.S. 104 (1885)).  Furthermore, it is a defense to a claim for relief that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also McZeal v.*

the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action[,] and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."[10]

Due to Defendants' failure to respond to the claims against them, the facts pled by Plaintiff are taken as true, but Plaintiff's complaint must nonetheless contain substantive causes of action, as well as a sufficient basis for the relief sought.[11]  Plaintiff alleges a claim for breach of contract, and requests actual damages.  The essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach." *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 235-36 (Tex. App. — Houston [1st Dist.] 2008, no pet.).  Here, Plaintiff has alleged that a valid settlement agreement exists between the parties; that Plaintiff performed all its obligations under the contract; that Defendants breached the settlement agreement by not making payments required by the contract; and that Defendants' breach caused Plaintiff injury because it did not receive monies owed to it.  Accordingly, the Court concludes that Plaintiff's complaint pleads facts to support all elements of a breach of contract claim.

Finally, the Court considers whether there is a "sufficient basis in the pleadings for the

---

*Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375, at *1-2 (5th Cir. Mar. 28, 2001) (affirming denial of plaintiff's request for default judgment for failure to state a claim upon which relief could be granted); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (holding that default judgment was improper on claims that were barred or subject to dismissal under Rule 12(b)(6)).

[10]  *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (applying Texas law).

[11]  *Tyco Fire & Sec.*, 218 Fed. App'x. at 863.

particular relief sought."[12]  When a court awards damages to a plaintiff in a default judgment case, the amount "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[13]  In its complaint, Plaintiff alleges actual damages in the amount of $63,649.44.  This amount is that which the parties agreed in their settlement agreement.  Accordingly, the Court concludes that the amount of requested damages is appropriate.[14]

Plaintiff also requests attorney fees in the amount of $2,750.00 and costs in the amount of $690.63.  Plaintiff's request for attorney fees and costs do not comply with the local rules.  If Plaintiff wishes to pursue attorney fees and costs, Plaintiff shall file an application in the manner provided under the Local Rule 7(j) and Local Rule 54 within fourteen days of the issuance of a final judgment.

## Conclusion

The Court hereby GRANTS Plaintiff JPMC's Motion for Default Judgment (docket no. 12) against Defendants David Gonzalez and State Trustee Services.  Plaintiff JPMC is entitled to damages in the total amount of $63,649.44.  If Plaintiff wishes to pursue costs and attorney fees, Plaintiff shall file a Bill of Costs and an application for attorney fees in the manner provided under the Local Rules within fourteen days of the issuance of a final judgment.  Because the Court finds that Defendants are in default, the Court waives the requirement under the Local Rules that Plaintiff confer with Defendants prior to submitting the application.  The clerk's office is instructed to enter

---

[12] *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (applying Texas law).

[13] Fed. R. Civ. P. 54(c).

[14] 28 TEX JUR DAMAGES § 10 ("The general rule under contract law is that a party who breaches the agreement is liable for all damages that may be shown to have been within the contemplation of the contracting parties.")

6

judgment in favor of Plaintiff.

It is so ORDERED.

SIGNED this 31st day of July, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE