UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | Civil Action No.  SA-12-CV-105-XR |
| § | |
| DAVID D. GONZALEZ AND STATE § | |
| TRUSTEE SERVICES, § | |
| § | |
| *Defendants*. § | |
| § | |

**ORDER**

Before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. No. 15). After due consideration of the relevant law, the Court GRANTS Plaintiff's motion.

**Background**

Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") entered into a settlement agreement (Doc. No. 1-1) with Defendants Gonzalez and State Trustee Services ("Defendants") for the repayment of excess proceeds from a foreclosure sale of two properties. The agreement states: "The trustee agrees to pay $61, 544.39 (the "Excess Proceeds") to JPMC," and that "monthly payment will be $2652.06 and will be due on the first day of each month, beginning July 1, 2011." Plaintiff alleged that Gonzalez and State Trustee did not make payments pursuant to this agreement. Plaintiff sent a demand letter to Defendants on September 12, 2011, informing Defendants that the installment payments for the months of June, July, August, and September were past due. The demand letter further stated "[p]ursuant to Chapter 38 of the Texas Civil Practice and Remedies code, demand is

hereby made that you comply with the Settlement Agreement. Should you fail to do so by September 16, 2011, we may have no alternative but to sue for breach, seeking all appropriate damages and attorneys' fees."

## Procedural History

On February 2, 2012, Plaintiff filed suit against Defendants in this Court alleging breach of contract. (Doc. No. 1). The Defendants did not file an answer or otherwise respond to Plaintiff's complaint. The clerk entered default as to each Defendant on June 7, 2012. (Doc. No. 10). On July 17, 2012, Plaintiff filed a Motion for Default Judgment (Doc. No. 12), which the Court granted on July 31, 2012. (Doc. No. 13). Plaintiff subsequently filed this Motion for Attorneys' Fees on August 15, 2012. (Doc. No. 15).

## Legal Standard

An award of attorneys' fees is governed by the same law that determines the substantive issues of the case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."). This Court evaluated Plaintiff's breach of contract claim under Texas state law; therefore Texas state law will govern the award of attorneys' fees.

Texas allows a prevailing party to recover attorneys' fees "only if permitted by statute or by contract." *Med. City Dallas v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006)). Section 38.001 of the Texas Civil Practice and Remedies Code allows for recovery of attorneys' fees for breach of contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8) (West 2011). In order to recover attorneys' fees under section 38.001, the plaintiff must be represented by an attorney, the plaintiff must have presented the claim

to the adverse party, and the adverse party must have failed to pay the claim within 30 days. *Id*. at § 38.002. Attorneys' fees are mandatory under section 38.001 when the plaintiff prevails on a breach of contract claim and recovers damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)).

To recover attorneys' fees, the plaintiff must prove the fees were necessary and reasonable for the adjudication of the claim. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1998). Trial courts have the discretion to determine the appropriate amount of attorneys' fees. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). There is a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003 (West 2011). The judge hearing a motion for attorneys' fees may take judicial notice of reasonable and customary fees, along with the case file. *Id*. at § 38.004. A trial court may still review the requested attorneys' fees for their reasonableness even though the motion is unopposed. *See, e.g., Harvey v. Baton Rouge Marine Contractors*, No. 08–459–VP–CN, 2009 WL 331594, at *7 (M.D. La. Feb. 10, 2009) (reviewing the reasonableness of attorneys' fees even though the request was unopposed).

The preferred method of calculating a reasonable fee is the "lodestar" method, which is the product of a reasonable rate times a reasonable number of hours. *Export Worldwide, Ltd. v. Alfred Knight*, No. SA–05–CA–647–XR, 2007 WL 1300468, at *3 (W.D. Tex. May 3, 2007) (quoting *Toshiba Mach. Co., Am. v SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.—Fort Worth 2005, no pet.)). Once the lodestar amount has been determined, the court may then adjust the award based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Saizen v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19.

## Analysis

Plaintiff has met both the substantive and procedural requirements outlined in sections 38.001 and 38.002 of the Texas Civil Practice and Remedies Code. Plaintiff's counsel presented the claim, which was never paid, to Defendants on September 12, 2011. (Doc. No. 1-2). Plaintiff subsequently prevailed on its breach of contract claim and recovered damages against Defendants Gonzalez and State Trustee Services on July 31, 2012. (Doc. No. 13). As the prevailing party in this breach of contract case, Plaintiff is entitled to attorneys' fees pursuant to the Civil Practice and Remedies Code.

Plaintiff requests attorneys' fees in the amount of $3,226.98. This amount is presented as the product of a reasonable rate times reasonable hours, and includes time spent by three attorneys. Plaintiff's motion contains a detailed time sheet as an exhibit, which the Court has reviewed.

Considering the *Johnson* factors, the Court finds the fees to be reasonable. With regard to the time expended on the case, counsel has billed only 15.1 hours over the course of 12 months. This time included drafting the original complaint and the motion for entry of default judgment and does not appear to include any unnecessary or unreasonable charges. The fee is not excessive in light of the judgment obtained because the judgment was for $ 63,649.44, nearly twenty times the amount of attorneys' fees charged. Furthermore, Plaintiff's counsel has declared that, in his opinion, the rates

charged "are customary among lawyers practicing in the Western District of Texas in cases of this sort." (*See* Doc. No. 15-1). The Court agrees with counsel that the fees are customary. According to a 2011 State Bar of Texas survey of fee rates for legal services, the median hourly rate for commercial litigation in the San Antonio metropolitan area is $239.[1] The hourly rates charged by Plaintiff's counsel ranged from $198.75 to $279.65. Although the upper end of the range is above the median, the majority of the work performed was credited to the attorney whose billing rate was $198.75 per hour. Furthermore, the average billing rate for this matter was $213.71, which is below the median hourly rate. Thus, upon consideration of the relevant factors, the Court finds that the rates charged were reasonable.

## Conclusion

The Court finds the requested attorneys' fees reasonable and hereby GRANTS Plaintiff's Motion for Attorneys' Fees (Doc. No. 15). It is therefore ORDERED that Plaintiff is awarded $3,226.98 in attorneys' fees.

It is so ORDERED.

SIGNED this 28th day of January, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] *See* State Bar of Tex. Dep't of Research and Analysis, 2011 Hourly Fact Sheet (2011), http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=20499.